IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRANDON DALE NELMS, | § | |
| TDCJ No. 1837917, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:18-cv-302-B-BN |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Brandon Dale Nelms, a Texas inmate, was convicted by a state court in Johnson County of two counts of endangering a child – both offenses being committed on September 10, 2012 – and he was sentenced to a total sentence of 12 years of imprisonment. *See State v. Nelms*, No. F46934 (249th Jud. Dist. Ct., Johnson Cnty., Tex.). But Nelms does not now collaterally attack the underlying criminal judgment. He instead challenges the Texas Board of Pardon and Paroles's ("BPP") denying his release to discretionary mandatory supervision ("DMS"). The Texas Court of Criminal Appeals ("CCA") denied his state habeas application raising this challenge without written order. *See Ex parte Nelms*, No. WR-87,778-01 (Tex. Crim. App. Jan. 10, 2018) [Dkt. No. 25-1]. And Nelms seeks review of the CCA's denial under 28 U.S.C. § 2254. *See* Dkt. No. 3 & 4.

The State responded to Nelms's Section 2254 habeas application. *See* Dkt. No. 11. His case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from

United States District Judge Jane J. Boyle. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny federal habeas relief.

## Legal Standards

"Federal habeas features an intricate procedural blend of statutory and caselaw authority." *Adekeye v. Davis*, 938 F.3d 678, 682 (5th Cir. 2019). In the district court, this process begins – and often ends – with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), under which "state prisoners face strict procedural requirements and a high standard of review." *Adekeye*, 938 F.3d at 682 (citation omitted).

Under AEDPA, where a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see Adekeye*, 938 F.3d at 682 ("Once state remedies are exhausted, AEDPA limits federal relief to cases where the state court's decision was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States' or was 'based on an unreasonable determination of the facts in light of the evidence presented.'" (citation omitted)); *see also Allen v. Vannoy*, 659 F. App'x 792, 798-99 (5th Cir. 2016) (per

curiam) (describing Section 2244(d) as "impos[ing] two significant restrictions on federal review of a habeas claim ... 'adjudicated on the merits in state court proceedings'").

A state court adjudication on direct appeal is due the same deference under Section 2254(d) as an adjudication in a state post-conviction proceeding. *See, e.g.*, *Dowthitt v. Johnson*, 230 F.3d 733, 756-57 (5th Cir. 2000) (a finding made by the CCA on direct appeal was an "issue ... adjudicated on the merits in state proceedings," to be "examine[d] ... with the deference demanded by AEDPA" under "28 U.S.C. § 2254(d)").

And "[t]he question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *see also Sanchez v. Davis*, 936 F.3d 300, 305 (5th Cir. 2019) ("[T]his is habeas, not a direct appeal, so our focus is narrowed. We ask not whether the state court denial of relief was incorrect, but whether it was unreasonable – whether its decision was 'so lacking in justification' as to remove 'any possibility for fairminded disagreement.'" (citation omitted)).

A state court decision is "contrary" to clearly established federal law if "it relies on legal rules that directly conflict with prior holdings of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Busby v. Dretke*, 359 F.3d 708, 713 (5th Cir. 2004); *see also Lopez v. Smith*, 574 U.S. 1, 2 (2014) (per curiam) ("We have emphasized, time and

time again, that the [AEDPA] prohibits the federal courts of appeals from relying on their own precedent to conclude that a particular constitutional principle is 'clearly established.'" (citation omitted)).

"A state court unreasonably applies clearly established Supreme Court precedent when it improperly identifies the governing legal principle, unreasonably extends (or refuses to extend) a legal principle to a new context, or when it gets the principle right but 'applies it unreasonably to the facts of a particular prisoner's case.'" *Will v. Lumpkin*, 970 F.3d 566, 573 (5th Cir. 2020) (quoting *Williams v. Taylor*, 529 U.S. 362, 407-08 (2000); citation omitted). "But the Supreme Court has only clearly established precedent if it has 'broken sufficient legal ground to establish an asked-for constitutional principle.'" *Id.* at 573-74 (quoting *Taylor*, 569 U.S. at 380-82; citations omitted).

"For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law.... A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citations and internal quotation marks omitted). "Under § 2254(d), a habeas court must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 102 (internal quotation marks omitted); *see also Evans v. Davis*, 875 F.3d 210, 216 (5th

Cir. 2017) (recognizing that Section 2254(d) tasks courts "with considering not only the arguments and theories the state habeas court actually relied upon to reach its ultimate decision but also all the arguments and theories it could have relied upon" (citation omitted)).

The Supreme Court has further explained that "[e]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Richter*, 562 U.S. at 101 (internal quotation marks omitted). And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. The Supreme Court has explained that, "[i]f this standard is difficult to meet, that is because it was meant to be," where, "[a]s amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings," but "[i]t preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents," and "[i]t goes no further." *Id.* Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *accord Burt v. Titlow*, 571 U.S. 12, 20 (2013) ("If this standard is difficult to meet – and it is – that is because it was meant to be. We will not lightly conclude that a State's criminal justice system has experienced the

extreme malfunction for which federal habeas relief is the remedy." (internal quotation marks, brackets, and citations omitted)).

As to Section 2254(d)(2)'s requirement that a petitioner show that the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the Supreme Court has explained that "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance" and that federal habeas relief is precluded even where the state court's factual determination is debatable. *Wood v. Allen*, 558 U.S. 290, 301, 303 (2010). Under this standard, "it is not enough to show that a state court's decision was incorrect or erroneous. Rather, a petitioner must show that the decision was objectively unreasonable, a substantially higher threshold requiring the petitioner to show that a reasonable factfinder must conclude that the state court's determination of the facts was unreasonable." *Batchelor v. Cain*, 682 F.3d 400, 405 (5th Cir. 2012) (brackets and internal quotation marks omitted).

The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001).

This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Ford*

*v. Davis*, 910 F.3d 232, 235 (5th Cir. 2018) (Section 2254(e)(1) "'deference extends not only to express findings of fact, but to the implicit findings of the state court.' As long as there is 'some indication of the legal basis for the state court's denial of relief,' the district court may infer the state court's factual findings even if they were not expressly made." (footnotes omitted)).

And, even if the state court errs in its factual findings, mere error is not enough – the state court's decision must be "*based* on an unreasonable factual determination. … In other words, even if the [state court] had gotten [the disputed] factual determination right, its conclusion wouldn't have changed." *Will*, 970 F.3d at 575.

Further, "determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning." *Richter*, 562 U.S. at 98; *see also Pondexter v. Dretke*, 346 F.3d 142, 148 (5th Cir. 2003) ("a federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision" (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) (per curiam))); *Evans*, 875 F.3d at 216 n.4 (even where "[t]he state habeas court's analysis [is] far from thorough," a federal court "may not review [that] decision de novo simply because [it finds the state court's] written opinion 'unsatisfactory'" (quoting *Neal*, 286 F.3d at 246)).

Section 2254 thus creates a "highly deferential standard for evaluating state court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). To overcome this standard, a

petitioner must show that "there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98. That is, a petitioner must, in sum, "show, based on the state-court record alone, that any argument or theory the state habeas court could have relied on to deny [him] relief would have either been contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court." *Evans*, 875 F.3d at 217.

## Analysis

Nelms raises four grounds: that the BPP denied his Fourteenth Amendment right to due process and equal protection (1) by improperly denying his release to DMS by treating him differently than similarly situated offenders; (2) by cutting short the time between when he was provided notice of the hearing and the denial of his release, thus denying him a meaningful opportunity to be heard; (3) by failing to consider his rehabilitation needs; and (4) by denying his constitutional right to be present during the hearing.

To begin, to the extent that Nelms brings claims under the Equal Protection Clause related to BPP procedures, he has not shown how success on such claims would entitle him to accelerated release and thus has not shown that his equal protection challenges (which would normally be raised in a civil action) should be considered on Section 2254 habeas review. *See Davis v. Fechtel*, 150 F.3d 486, 490 (5th Cir. 1998) ("[A]lthough a [42 U.S.C.] § 1983 suit can be used to challenge unconstitutional parole procedures, when a prisoner challenges the result of a specific defective parole hearing or the board's rules and procedures that affect his release,

and resolution would automatically entitle him to accelerated release, then the challenge must be pursued in a habeas corpus proceeding." (citing *Orellana v. Kyle*, 65 F.3d 29 (5th Cir. 1995); *In re Cain*, 137 F.3d 234 (5th Cir. 1998))); *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) ("If 'a favorable determination ... would not automatically entitle [the prisoner] to accelerated release,' the proper vehicle is a § 1983 suit." (citation omitted)).

Turning to due process, "[e]ligibility for mandatory supervision is governed by the 'law in effect at the time the holding offense was committed.'" *Kirsch v. Quarterman*, Civ. A. No. H-07-524, 2008 WL 3003919, at *4 (S.D. Tex. Aug. 1, 2008) (quoting *Ex parte Thompson*, 173 S.W.3d 458, 458 (Tex. Crim. App. 2005)). And it is settled that "[a] constitutional expectancy of early release exists only in Texas' mandatory supervision scheme in place for crimes committed before September 1, 1996" – well before Nelms committed his offenses, in September 2012. *Id.* (citing TEX. GOV'T CODE ANN. § 508.149(b); *Malchi v. Thaler*, 211 F.3d 953, 957-59 (5th Cir. 2000)); *see also Gonzales v. Thaler*, No. 2:09-cv-121, 2011 WL 4014326, at *2 (N.D. Tex. Aug. 19, 2011) ("The [United States Court of Appeals for the] Fifth Circuit recognizes that prior to September 1, 1996, 'the TDCJ-CID had no discretion in deciding when or if to release an inmate on mandatory supervision,' but that as of September 1, 1996, a discretionary mandatory supervision scheme passed by the Texas Legislature took effect." (quoting *Teague v. Quarterman*, 482 F.3d 769, 774-75 (5th Cir. 2007))), *rec. adopted*, 2011 WL 3927057 (N.D. Tex. Sept. 7, 2011).

In 2012, the applicable statute in effect provided that "an inmate may not be

released to mandatory supervision if a parole panel determines that: (1) the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation; and (2) the inmate's release would endanger the public." TEX. GOV'T CODE ANN. § 508.149(b) (West 2012).

Therefore, while there is no constitutional right to conditional release prior to the expiration of a valid sentence, s*ee Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979), under the "discretionary mandatory supervision scheme" applicable here, "both the Fifth Circuit and the Texas courts have held there is a protected liberty interest," entitling a Texas inmate "eligible for released on mandatory supervision" "to the due process protections established by the Supreme Court in *Wolff[ v. McDonnell*, 418 U.S. 539 (1974)]," *Dillard v. Thaler*, Civ. A. No. H-09-1373, 2010 WL 3056654, at *4 (S.D. Tex. July 30, 2010) (citations omitted).

Under this standard, a prisoner is entitled to "those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated." *Wolff*, 418 U.S. at 557; *cf. Lopez v. Quarterman*, 225 F. App'x 243, 244 (5th Cir. 2007) (per curiam) (where it was unclear whether a petitioner "was alleging that he was entitled to release on mandatory supervision or on parole as he identified both kinds of release in his petition," granting a certificate of appealability as to a petition dismissed as frivolous, because "Lopez has no liberty interest in being released on parole, but he may have a liberty interest in being released on mandatory supervision under current Texas law" (citing TEX. GOV'T CODE §§ 508.147, 508.149; *Madison v. Parker*, 104 F.3d

765, 768 (5th Cir. 1997); *Malchi*, 211 F.3d at 957-58; *Ex parte Geiken*, 28 S.W.3d 553, 558 (Tex. Crim. App. 2000) (en banc))).

> As applicable here,
>
> constitutional due process requires that an eligible inmate be provided timely notice of the specific month and year he will be considered for mandatory supervision release and a meaningful opportunity to be heard – i.e., an opportunity to tender or have tendered to the Board information in support of release. *Ex parte Geiken*, 28 S.W.3d at 559-60; *Ex parte Ratzlaff*, 135 S.W.3d 45, 50 (Tex. Crim. App. 2004). Additionally, if release is denied, the inmate must be informed in what respects he falls short of qualifying for early release. *Ex parte Geiken*, 28 S.W.3d at 560.

*Brookins v. Stephens*, No. 4:14-cv-939-A, 2015 WL 9450619, at *2 (N.D. Tex. Dec. 22, 2015).

As reflected in the parole board documentation submitted in response to Nelms's federal habeas petition, *see* Dkt. No. 25-4 at 51-62; *see also id.* at 64 (state court order relying on this evidence to find "no controverted previously unresolved issues of fact material to the legality of [Nelms's] confinement"), Nelms was provided "timely notice that he would be considered for mandatory supervision release, an opportunity to present or have presented evidence to the Board in support of his release, the reasons for the Board's denial, and the month and year he would be next considered. Accordingly, he received all the due process he was due," *Brookins*, 2015 WL 9450619, at *3; *see id.* ("The Board is not required to be more specific when stating the reasons for its decision or to provide evidence in support of its decision. Nor does the Board's failure to follow its own procedural rules and regulations establish a per se violation of petitioner's due process." (citing *Boss v. Quarterman*, 552 F.3d 425, 428-29 (5th Cir. 2008), then *Dixon v. Hastings*, 202 F. App'x 750, 751 (5th Cir. 2006)

(per curiam))).

Accordingly, considering that AEDPA's framework applies to federal review of state court decisions regarding parole determinations, *see, e.g.*, *Powell v. Cooper*, 595 F. App'x 392, 396-97 (5th Cir. 2014) (per curiam),[1] Nelms has failed to show that the CCA's adjudication of his state habeas application either "was 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States' or was 'based on an unreasonable determination of the facts in light of the evidence presented,'" *Adekeye*, 938 F.3d at 682 (quoting Section 2254(d)).

## Recommendation

The Court should deny the application for a writ of habeas corpus.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

---

[1] *See also id.* at 396 (reversing district court's grant of habeas relief based on parole board's denial of rights to confrontation and cross-examination because the Fifth Circuit precedent the district court relied on "did not interpret [the applicable Supreme Court precedent] within the framework of AEDPA and therefore did not conclude that the Supreme Court had clearly established that parole may not be revoked solely on the basis of hearsay evidence" (citing 28 U.S.C. § 2254(d)(1); citation omitted)); *id.* at 397 (further holding that courts in this circuit "cannot look to [the Fifth Circuit's] own, non-AEDPA precedent … to decide whether the state court's denial of [a petitioner's parole] claims involved an unreasonable application of federal law as determined by the Supreme Court").

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 6, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE